UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-75-EBA

TROY DEAN, PLAINTIFF,

V. **MEMORANDUM OPINION
& ORDER**

DOW CORNING CORPORATION, and
UNKNOWN DEFENDANTS, DEFENDANTS.

I. INTRODUCTION

This matter is before the undersigned by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [R. 14] and is currently before the Court on the Defendant's Motion for Summary Judgment. [R. 23]. Having considered the matter fully, and for the reasons stated fully herein, the Defendant's Motion for Summary Judgment [R. 23] is GRANTED.

II. FACTUAL & PROCEDURAL HISTORY

This cases arises from an incident in which the Plaintiff, Troy Dean, was injured while on the premises of the Defendant, Dow Corning.[1] The Plaintiff was employed by Transport Service Company from approximately 2004 until March of 2007. [R. 23, Exh. B, Depo. of Troy Dean at 12:5-7; R. 51 at 1]. While working for Transport, Plaintiff's "exclusive" route was driving a tractor trailer from the Dow Corning facility in Carrollton, Kentucky, to a location north of Dayton, Ohio.

---

[1] For purposes of the Motion for Summary Judgment, the parties do not dispute the facts regarding the accident itself. [See R. 32].

[R. 23, Dean Depo. 13:20-24]. At the Ohio location, the Plaintiff would meet another driver who would have an empty tanker, and they would "switch out," the Plaintiff would then take the empty tanker back to the Carrollton facility, and the other driver would take the loaded tanker to Michigan. [Id. at 21:11-14]. The Plaintiff estimates that he drove this route, which was approximately 180 miles each way, five or six times a week while he was employed by Transport. [Id. at 13:20-24].

On January 20, 2007, as was his normal routine, the Plaintiff drove his tractor trailer to the Dow Corning facility at Carrollton, Kentucky; he arrived at approximately 12:00 a.m. to pick up a tanker from the south drop lot. [R. 23, Memo. at 3]. While conducting an inspection of his vehicle, the Plaintiff stepped backwards and fell into an uncovered hole in the grating that lies on top of a drainage area. [Id. at 4; Dean Depo. at 128:21-131:4]. The Plaintiff alleges that he suffered numerous physical injuries as a result of this fall, including a fractured right pelvis, as well as injuries to his back, shoulders, elbows and left knee. [R. 23, Exh. C, Dean Answer to Interrog. 2]. As a result of his injuries, the Plaintiff received workers' compensation benefits from Gallagher Basset Services, the worker's compensation carrier for Transport Services Company. [Id., Dean Answer to Interrog. 16].

In October, 2007, the Plaintiff instituted the present action in Carroll Circuit Court, alleging that the Defendants "negligently created and/or allowed a dangerous and hazardous condition which was a substantial factor in causing Plaintiff to fall through a grate and cause him bodily harm." [R. 1, Attach. 1 at 5]. On November 14, 2007, Defendant Dow Corning filed a notice of removal and removed the action to the United States District Court for the Eastern District of Kentucky. [R. 1]. The Defendant subsequently filed a Motion for Summary Judgment [R. 23], which has been fully briefed, and now stands ripe for adjudication.

III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

While the court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the non-moving party cannot avoid summary judgment merely by resting on the pleadings. See Celotex, 477 U.S. at 324. Instead, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" Dixon v. Gonzales, 2007 WL 750532 (6th Cir. 2007) (citing Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). Thus, where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 586-87.

Additionally, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "[t]he nonmoving party has an affirmative duty to direct the court's

3

attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

## IV. ANALYSIS

In the Motion for Summary Judgment [R. 23], Defendant Dow Corning argues that the Plaintiff cannot recover in the present action. The Defendant argues that "the exclusive remedy provisions of the Kentucky Workers' Compensation Act squarely apply to the facts at hand, and as such, Dow Corning is entitled to judgment as a matter of law." [Id. at 13]. Specifically, the Defendant states that:

> It is undisputed that at the time of his alleged injuries, Plaintiff Troy Dean was performing truck driving duties for Transport Services Company and that Plaintiff received workers' compensation benefits through Transport. It is further undisputed that Dow Corning contracted with Transport to transport and distribute Dow Corning's raw, intermediate and finished silicon materials, and that the transportation of such materials is (and was) a "regular or recurrent part of the work, of the trade, business, occupation or profession" of Dow Corning. Accordingly, Dow Corning must be deemed a "contractor" and insulated from tort liability from its subcontractors' employee, Plaintiff Troy Dean.

[Id. at 13-14]. The Plaintiff does not respond to the Defendant's legal arguments, rather, the Plaintiff simply argues that the affidavit of D. Scott Niswonger, which was used by the Defendant in support of the Motion for Summary Judgment, is invalid and inadmissible under Federal Rule of Civil Procedure 56(e)(1). [R. 32 at 3]. The Plaintiff argues that this allegedly invalid affidavit cannot support a motion for summary judgment, and that the motion should, therefore, be denied. [Id.].

The Defendant's Motion for Summary Judgment [R. 23] turns upon the application of the so-called "up-the-ladder" provisions of the Kentucky Workers' Compensation Act. See KRS §§ 342.610(2)(b) and 342.690(1). Section 342.690, the "exclusiveness" provision of the Kentucky Workers' Compensation Act, provides as follows:

4

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee ... For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation.

KRS § 342.690(1). "Section 342.610(2)(b) defines 'contractor' as a 'person who contracts with another ... [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person.'" Smothers v. Tractor Supply Co., 104 F. Supp. 2d 715, 717 (W.D. Ky. 2000). The Kentucky Workers' Compensation Act makes it clear that if Dow Corning is a "contractor," then it would have no liability in tort to the Plaintiff, an employee of Dow Corning's subcontractor. See Thompson v. The Budd Company, 199 F.3d 799, 804 (6th Cir. 1999). There is no dispute that the Plaintiff has received workers' compensation benefits for his injuries, as the Plaintiff received workers' compensation benefits from Gallagher Basset Services, the workers' compensation carrier for Transport Services Company. [R. 23, Exh. C, Dean Answer to Interrog. 16].

The motion for summary judgment turns upon whether Dow Corning is a "contractor" as defined by KRS § 342.610(2)(b); the language of that statute provides that a contractor is one who contracts with another "to have work performed of a kind which is a *regular or recurrent part* of the work of the trade, business, occupation, or profession of such person. KRS § 342.610(2)(b) (emphasis added). At the time of the Plaintiff's accident, Dow Corning had an active contract with Transport Services Company to transport Dow Corning's materials. [R. 23, Exh. A, Depo. of D. Scott Niswonger at ¶ 6].[2] The Plaintiff's employment with Transport Services Company had

---

[2] The Plaintiff argues that Mr. Niswonger's affidavit is inadmissible, and cannot be used to support the Defendant's motion. [R. 32]. Specifically, the Plaintiff alleges that the affidavit contains information that

exclusively involved hauling materials for Dow Corning. [R. 23, Dean Depo. 13:20-24]. The Defendant argues that "the truck driving service performed by Plaintiff pursuant to Transport's contract with Dow Corning falls squarely within the definition of 'regular or recurrent' aspects of Dow Corning's operation." [R. 23 at 9-10].

The Kentucky Court of Appeals has recently defined "regular or recurrent" in the context of the Kentucky Workers' Compensation Act: "Recurrent" simply means occurring again or repeatedly. "Regular" means generally means customary or normal, or happening at fixed intervals. However, neither term requires regularity or recurrence with the preciseness of a clock or calendar. Pennington v. Jenkins-Essex Construction, Inc., 238 S.W.3d 660, 664 (Ky. App. 2006) *citing* Daniels v. Louisville Gas & Elec. Co., 933 S.W.2d 821, 824 (Ky. App. 1996). The courts have found that transportation and distribution of materials is a "regular or recurrent" part of business operations. In Sharp v. Ford Motor Co., 66 F. Supp. 2d 867 (W.D. Ky 1998), the court found loading and unloading Ford vehicles onto rail cars was a regular or recurrent part of Ford's operations, and found that Ford was entitled to the "up-the-ladder" defense. Id. at 869-870. Likewise, in Smothers v. Tractor Supply Co., 104 F. Supp.2d 715 (W.D. Ky. 2000), the court found that loading and unloading merchandise was a regular element of Tractor Supply's business, and that Tractor Supply was entitled to the "up-the-ladder" defense. Id. at 718.

---

not based upon Mr. Niswonger's personal knowledge. [Id. at 2]. The Court finds that Mr. Niswonger's affidavit is based upon personal knowledge, insofar as it relates to the nature of Dow Corning's operations and the existence of a contract between Dow Corning and Transport Services Company. As Site Manager for the Defendant's Carrollton facility, and as a long-time employee of Dow Corning, Mr. Niswonger would have personal knowledge of the nature of the Defendant's operations, as well as the companies with whom Dow Corning regularly contracted for the performance of such duties as hauling materials to and from the Carrollton facility. Furthermore, the Court finds that the Plaintiff's contention regarding Mr. Niswonger's affidavit being inadmissible under Federal Rule of Civil Procedure 56(e)(1) to be without merit.

In the present case, the Plaintiff was employed by Transport Services Company, who had a contract with Dow Corning that required Transport Services Company to haul materials from the Carrollton facility to other locations. [R. 23, Exh. A, Niswonger Depo. at ¶ 6]. The Defendant states that the transportation of these materials was, and remains, an integral part of the Defendant's business. [Id. at ¶ 4; R. 23 Memo. at 13-14]. The Plaintiff's employment with Transport Services Company had exclusively involved hauling these materials for Dow Corning. [R. 23, Dean Depo. 13:20-24]. The Plaintiff estimates that he drove this route, which was approximately 180 miles each way, five or six times a week for over two years. [Id. at 13:20-24]. The Defendant estimates that, based on the Plaintiff's representations, he would have made approximately 650 to 780 trips for Dow Corning. [R. 23 Memo. at 10].

Based on the record before the Court, and the cases discussed *supra*, the undersigned finds that there is no genuine issue of material fact that the Defendant contracted with Transport Services Company to perform "work of a kind which is a regular or recurrent part" of Dow Corning's business. Therefore, as a matter of law, Dow Corning is deemed to be a "contractor" within the meaning of the Kentucky Workers' Compensation Act. As a matter of law, the Defendant is entitled to the exclusivity protection of KRS § 342.690(1), and the Defendant's Motion for Summary Judgment [R. 23] is, therefore, granted.

## IV. CONCLUSION

The Court being fully advised, and for the reasons stated above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant's Motion for Summary Judgment [R. 23] is GRANTED;

(2) This matter shall be DISMISSED and STRICKEN from the Court's active docket;

(3) This is a final and appealable order, and there is no just cause for delay.

Signed April 14, 2009.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**